IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | SUPERSEDING |
| | : | |
| v. | : | |
| | : | |
| GONZALO CERVANTES-GOMEZ | : | 1:18CR249-1 |
| LEE MARVIN HARRIS, JR. | : | 1:18CR249-2 |
| Lamar Orlando Sealy | : | 1:18CR249-3 |
| CHRISTIAN JOVAN TERRY | : | 1:18CR249-4 |
| LEE MARVIN HARRIS, SR. | : | 1:18CR249-5 |

The Grand Jury charges:

COUNT ONE

From in or about April 2017, continuing up to and including on or about February 20, 2018, the exact dates to the Grand Jurors unknown, in the Counties of Moore, Randolph, Forsyth, and Davie, in the Middle District of North Carolina, and elsewhere, GONZALO CERVANTES-GOMEZ, LEE MARVIN HARRIS JR., Lamar Orlando Sealy, CHRISTIAN JOVAN TERRY, LEE MARVIN HARRIS, SR., and divers other persons, known and unknown to the Grand Jurors, knowingly and intentionally did unlawfully conspire, combine, confederate, and agree together and with each other to commit offenses against the laws of the United States, that is:

To knowingly, intentionally, and unlawfully distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled

substance within the meaning of Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section 841(a)(1).

Quantities of Controlled Substances Involved in the Conspiracy

With respect to GONZALO CERVANTES-GOMEZ, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of cocaine.

With respect to LEE MARVIN HARRIS, JR., the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of cocaine.

With respect to Lamar Orlando Sealy, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is less than 500 grams of cocaine.

With respect to CHRISTIAN JOVAN TERRY, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more of cocaine.

With respect to LEE MARVIN HARRIS, SR., the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct

of other conspirators reasonably foreseeable to him, is less than 500 grams of cocaine.

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A), 841(b)(1)(B), and 841(b)(1)(C).

## COUNT TWO

From on or about June 9, 2017, continuing up to and including on or about February 7, 2018, the exact dates to the Grand Jurors unknown, in the County of Moore, in the Middle District of North Carolina, LEE MARVIN HARRIS, JR. and Lamar Orlando Sealy, did knowingly and unlawfully lease, rent, use, and maintain a place, that is, a residence located at 811 W. New York Avenue, Southern Pines, North Carolina, permanently and temporarily, for the purpose of manufacturing, distributing, and using controlled substances, that is cocaine, a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 812, and heroin, a Schedule I controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 856(a)(1) and (b).

## COUNT THREE

On or about February 7, 2018, in the County of Moore, in the Middle District of North Carolina, LEE MARVIN HARRIS, JR., knowingly and intentionally did unlawfully possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule

II controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT FOUR

On or about February 20, 2018, in the County of Davie, in the Middle District of North Carolina, GONZALO CERVANTES-GOMEZ knowingly and intentionally did unlawfully possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

## COUNT FIVE

On or about February 20, 2018, in the County of Davie, in the Middle District of North Carolina, GONZALO CERVANTES-GOMEZ knowingly and intentionally did unlawfully possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

## COUNT SIX

On or about February 20, 2018, in the County of Davie, in the Middle District of North Carolina, GONZALO CERVANTES-GOMEZ knowingly and intentionally did unlawfully possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT SEVEN

On or about February 20, 2018, in the County of Moore, in the Middle District of North Carolina, LEE MARVIN HARRIS, JR., knowingly and intentionally did unlawfully possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT EIGHT

On or about February 20, 2018, in the County of Moore, in the Middle District of North Carolina, LEE MARVIN HARRIS, JR., in furtherance of drug trafficking crimes for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute cocaine, as more fully referenced in

Count One of this Indictment, and possession with intent to distribute cocaine, as more fully referenced in Count Seven of this Indictment, did knowingly possess a firearm, that is, a Springfield .40 caliber handgun; in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT NINE

On or about February 20, 2018, in the County of Moore, in the Middle District of North Carolina, LEE MARVIN HARRIS, JR., having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in commerce and affecting commerce a firearm, that is, a Springfield .40 caliber handgun; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT TEN

On or about February 20, 2018, in the County of Moore, in the Middle District of North Carolina, LEE MARVIN HARRIS, JR., knowingly and intentionally did unlawfully use a communication facility, that is, a cellular telephone assigned number (646) 874-0392, to cause and facilitate the unlawful and intentional distribution of cocaine, a Schedule II, controlled substance within the meaning of Title 21, United States Code, Section 812, a felony under Title 21, United States Code, Sections 841(a)(1) and 846; in violation of Title 21, United States Code, Section 843(b).

## COUNT ELEVEN

On or about February 20, 2018, in the County of Moore, in the Middle District of North Carolina, CHRISTIAN JOVAN TERRY, knowingly and intentionally did unlawfully possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT TWELVE

On or about February 20, 2018, in the County of Moore, in the Middle District of North Carolina, LEE MARVIN HARRIS, SR., knowingly and intentionally did unlawfully possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## FORFEITURE ALLEGATIONS

1. The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853 and Title 18, United States Code, Section 924(d).

2. Pursuant to Title 21, United States Code, Section 853, upon conviction of the offense alleged in Count One, the defendants, GONZALO CERVANTES-GOMEZ and LEE MARVIN HARRIS, JR., shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense (or a sum of money representing the total amount of proceeds obtained by the defendant as a result of the drug trafficking activity) and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense. The forfeiture may include a forfeiture money judgment.

3. Pursuant to Title 18, United States Code, Section 924(d), upon conviction of the offense alleged in Count Two, the defendant, LEE MARVIN HARRIS, JR., shall forfeit to the United States of America any firearm or ammunition involved in or used in any knowing violation, including but not limited to the following: a Springfield .40 caliber handgun, serial number US451270.

4. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All in accordance with Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), Rule 32.2, Federal Rules of Criminal Procedure, and Title 28, United States Code, Section 2461(c).

DATED: August 27, 2018

MATTHEW G.T. MARTIN
United States Attorney

BY: RANDALL S. GALYON
Assistant United States Attorney

A TRUE BILL:

FOREPERSON

9