IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DEC 14 2018

| UNITED STATES OF AMERICA | : | 1:18CR249-2 |
|---|---|---|
| v. | : | |
| LEE MARVIN HARRIS, JR. | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and the defendant, LEE MARVIN HARRIS, JR., in his own person and through his attorney, Peter D. Zellmer, and state as follows:

1. The defendant, LEE MARVIN HARRIS, JR., is presently under Superseding Indictment in case number 1:18CR249-2, which in Count One charges him with a violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A), conspiracy to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine; which in Count Two charges him with a violation of Title 21, United States Code, Section 856(a)(1) and (b), maintaining a drug-involved premises; which in Count Three charges him with a violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin; which in Count Seven charges him with a violation of Title 21, United States Code, Section 841(a)(1)

and (b)(1)(C), possession with intent to distribute a quantity of mixture and substance containing a detectable amount of cocaine; which in Count Eight charges him with a violation of Title 21, United States Code, Sections 841(a)(1) and 860(a), possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine within 1,000 feet of a primary school; which in Count Nine charges him with a violation of Title 18, United States Code, Section 924(c)(1)(A)(i), possession of a firearm in furtherance of a drug trafficking crime; which in Count Ten; charges him with a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), felon in possession of a firearm; and which in Count Eleven charges him with a violation of Title 21, United States Code, Section 843(b), use of a communication facility to facilitate the distribution of cocaine.

2. The defendant, LEE MARVIN HARRIS, JR., will enter a voluntary plea of guilty to Count Seven of the Superseding Indictment herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

    a. The defendant, LEE MARVIN HARRIS, JR., understands that, as to Count Seven of the Indictment herein, any person who commits the offense for which he is pleading guilty to after a prior conviction for a felony

2

drug offense has become final shall be sentenced to a term of imprisonment which may be not more than thirty years, and a fine not to exceed $2,000,000, or both. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, LEE MARVIN HARRIS, JR., the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine." The defendant also understands that in either event any sentence imposing a term of imprisonment shall impose a term of supervised release of at least six years in addition to such term of imprisonment.

    b.  The defendant, LEE MARVIN HARRIS, JR., further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the

3

sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

    c.    The defendant, LEE MARVIN HARRIS, JR., understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, LEE MARVIN HARRIS, JR., nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States. The defendant, LEE MARVIN HARRIS, JR., further understands that in the event he is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against him leading to his removal and possible permanent exclusion from the United States.

    3.    By voluntarily pleading guilty to Count Seven of the Superseding Indictment herein, the defendant, LEE MARVIN HARRIS, JR., knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against

4

him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, LEE MARVIN HARRIS, JR., is going to plead guilty to Count Seven of the Superseding Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. Upon the acceptance by the Court of a guilty plea by the defendant, LEE MARVIN HARRIS, JR., to Count Seven of the Superseding Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States will not oppose a motion to dismiss the remaining counts of the Superseding Indictment herein as to the defendant, LEE MARVIN HARRIS, JR. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

b. The defendant, LEE MARVIN HARRIS, JR., and the United States agree that the relevant conduct drug amount at least 100 kilograms, but less than 400 kilograms of converted drug weight, pursuant to U.S.S.G. § 2D1.1 n. 8(D). This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

5

c. It is understood that if the Court determines at the time of sentencing that the defendant, LEE MARVIN HARRIS, JR., qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

d. The defendant, LEE MARVIN HARRIS, JR., hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant, LEE MARVIN HARRIS, JR., waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

e. It is further agreed by and between the United States and the defendant, LEE MARVIN HARRIS, JR., that, in exchange for the Government's dismissal of Counts One through Three and Counts Eight through Eleven in the Superseding Indictment herein, the defendant, LEE MARVIN HARRIS, JR., will expressly waive the right to appeal the conviction

and whatever sentence is imposed on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742(a), and further will waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255, excepting the defendant's right to appeal or collaterally attack based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, national origin or gender.

6. With regard to forfeiture, the United States and the defendant, LEE MARVIN HARRIS, JR., agree as follows:

a. The defendant, LEE MARVIN HARRIS, JR., knowingly and voluntarily consents and agrees to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense in Count Seven. The specific property to be forfeited includes, but is not limited to, the following:

   (1) a Springfield .40 caliber handgun, serial number US451270.

7

The defendant acknowledges that his interest in the foregoing property is subject to forfeiture based on the offense to which he is pleading guilty.

        b.     The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

        c.     The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant further knowingly and voluntarily waives all constitutional, legal and equitable claims, defenses and challenges to the forfeiture of assets in any proceeding, administrative, criminal or civil, any jeopardy defense or claim of double jeopardy, and any claim or defense under the Eighth Amendment to the United States Constitution.

8

Case 1:18-cr-00249-WO Document 105 Filed 12/14/18 Page 8 of 11

d. The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors and assigns.

e. The defendant agrees and understands that the abandonment, civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture of any property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

7. The defendant, LEE MARVIN HARRIS, JR., agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

8.   The defendant, LEE MARVIN HARRIS, JR., agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

9.   It is further understood that the United States and the defendant, LEE MARVIN HARRIS, JR., reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

10.   The defendant, LEE MARVIN HARRIS, JR., further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

11.   No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set

forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 14th day of December, 2018.

MATTHEW G.T. MARTIN
United States Attorney

PETER D. ZELLMER
Attorney for Defendant

RANDALL S. GALYON
NCSB #23119
Assistant United States Attorney

LEE MARVIN HARRIS, JR.
Defendant

    101 S. Edgeworth St., 4th Fl.
    Greensboro, NC  27401
    336/333-5351

11