IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
UNITED STATES OF AMERICA      )
                              )
     v.                       )     1:18CR249-2
                              )
LEE MARVIN HARRIS, JR.        )
```

**ORDER**

Defendant LEE MARVIN HARRIS, JR. ("Defendant") has filed a motion for compassionate release, (Doc. 151), based on extraordinary and compelling reasons due to the COVID-19 pandemic, underlying health conditions, post incarceration efforts and rehabilitation, and ineffective assistance of counsel. For the reasons that follow, his motion for compassionate release will be denied.

Additionally, Defendant has filed a motion to expedite. (Doc. 153.) In light of this Order, that motion will be denied as moot. Finally, Defendant filed a motion to supplement his initial motion for compassionate release. (Doc. 162). That motion will be granted, and this court has considered the contents of that motion alongside Defendant's other motions.

I.   **FACTUAL BACKGROUND**

On December 26, 2018, pursuant to a plea agreement, (Doc. 105), Defendant pleaded guilty to a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), possession with intent to distribute

a quantity of mixture and substance containing a detectable amount of cocaine, (id. ¶¶ 1-2; see Minute Entry 12/26/2018).[1] On April 12, 2019, Defendant was sentenced to a total term of imprisonment of 84 months. (Doc. 137 at 1–2.) Defendant is thirty-six years old, currently located at FCI Edgefield, and his current estimated release date is February 7, 2023.[2]

On December 14, 2020, Defendant filed a motion for compassionate release. (Doc. 151.) That same day he also filed a motion to expedite. (Doc. 153.) On January 11, 2021, Defendant filed a supplement to his motion for compassionate release. (Doc. 155.) The Government has responded to the motion. (Doc. 158.) Defendant replied. (Doc. 160.) On January 13, 2022, Defendant filed a motion to supplement. (Doc. 162.)

## II. ANALYSIS

### A. Exhaustion of Administrative Remedies

A defendant may bring a motion for compassionate release directly in a district court after either "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's

---

[1] All citations in this Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

[2] Fed. Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited May 27, 2022) (enter "34419-057" in BOP Register Number field).

behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Fourth Circuit has concluded "that the statute's requirement that a defendant satisfy the threshold requirement before filing a motion in the district court is a non-jurisdictional claim-processing rule" and thus "may be waived or forfeited." United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021).

Defendant filed a reduction in sentence request with the warden of his facility on June 20, 2020. (Doc. 158-1.) The warden denied that request on July 7, 2020, (Doc. 158-2), and Defendant waited to file his motion until December 14, 2020, (Doc. 151). The Government concedes Defendant exhausted his administrative remedies before bringing a motion in this court. (Doc. 158 at 9–10.) Accordingly, this court finds Defendant has exhausted his administrative remedies, and this court may properly consider his motion.

    B.   **Extraordinary and Compelling Reasons**

Even after exhausting administrative remedies, Defendant must demonstrate that "extraordinary and compelling reasons warrant such a reduction" of his sentence based on the factors listed in § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i). Defendant raises four "extraordinary and compelling reasons" in support of

-3-

compassionate release: (1) the COVID-19 pandemic; (2) Defendant's medical conditions; (3) Defendant's post incarceration conduct and rehabilitation; and (4) ineffective assistance of counsel at sentencing. Where a defendant, rather than the BOP, files a compassionate release motion, the court is "empowered . . . to consider <u>any</u> extraordinary and compelling reason for release that a defendant might raise" in deciding whether to grant the motion. <u>United States v. McCoy</u>, 981 F.3d 271, 284 (4th Cir. 2020) (alteration in original) (internal quotation marks omitted) (quoting <u>United States v. Brooker</u>, 927 F.3d 228, 230 (2d Cir. 2020)). However, rehabilitation alone cannot constitute an extraordinary and compelling reason for release. 28 U.S.C. § 994(t).

First, Defendant argues that the COVID-19 pandemic and the conditions at his BOP facility are extraordinary and compelling and therefore justify compassionate release. (Doc. 151 at 1-2.) As of May 26, 2022, the BOP reported there no active COVID-19 cases among inmates or staff members at FCI Edgefield;[3] however, this court is nevertheless mindful of the circumstances that existed at the time Defendant filed his December 14, 2020 motion. On December 14, 2020, Defendant was at FCI Ashland, (<u>see</u>

---

[3] Fed. Bureau of Prisons, <u>COVID-19 Cases</u>, https://www.bop.gov/coronavirus/ (last updated May 26,2022).

Doc. 151 at 2), and 144 inmates and 21 staff members at FCI Ashland had COVID-19.[4] This court recognizes that there were more COVID-19 cases at FCI Ashland at the time Defendant filed his motion than there are presently at his current location of FCI Edgefield. While the COVID-19 pandemic is certainly relevant to the court's assessment under § 3582(c)(1)(A), compassionate release is still to be granted only in exceptional instances. See United States v. Williams, Criminal No. PWG-13-544, 2020 WL 1434130, at *3 (D. Md. Mar. 24, 2020) ("The existence of the present pandemic . . . is not tantamount to a 'get out of jail free' card.").

Additionally, while vaccines do not eliminate the risk of contracting COVID-19 or having severe symptoms, this court recognizes, as have other courts in the Fourth Circuit in addressing compassionate release motions, that the prevalence of freely available vaccination from COVID-19 lessens the exceptional and compelling nature of the pandemic. See United States v. Sanders, No.: SAG-06-087, 2021 WL 1428546, at *3 (D. Md. Apr. 15, 2021) (collecting cases); United States v. Griffin, No. 4:18-cr-00089-DCC-1, 2021 WL 4411773, at *3 (D.S.C. Sept.

---

[4] Dep't of Just. Off. of Inspector Gen., Facility-Level BOP Trends, https://experience.arcgis.com/experience/ab22fb4c564e4f4b986e257c685190e8/page/page_2/ (last visited May 27, 2022) (select "FCI Ashland" and hover over dates on the line graphs).

-5-

27, 2021) (finding that "in light of the fact that highly effective vaccines are now readily available to protect against contracting COVID-19 and enduring serious complications, the COVID-19 pandemic may no longer constitute an exceptional and compelling reason for compassionate release even in conjunction with underlying medical conditions"). That the prevalence of vaccines can lessen the compelling nature of the pandemic is significant here because FCI Edgefield has presently fully vaccinated 1,518 of its 1,889 inmates.[5]

Second, Defendant argues his medical history and COVID-19 risk factors are extraordinary and compelling reasons justifying compassionate release. (Doc. 151 at 1.) Defendant alleges he has high blood pressure (hypertension) and a heart murmur. (Id.) The Government concedes that Defendant's medical reports support a finding that Defendant suffers from these conditions. (Doc. 158 at 13.) However, the Government contends these medical conditions are well managed. (Id.) The Centers for Disease Control ("CDC") lists heart conditions as conditions that "can make [someone] more likely to get very sick from COVID-19," and

---

[5] Fed. Bureau of Prisons, FCI Edgefield, https://www.bop.gov/locations/institutions/edg/ (last visited May 27, 2022); Fed. Bureau of Prisons, COVID-19 Vaccine Implementation, https://www.bop.gov/coronavirus/index.jsp (last visited May 27, 2022) (select "Learn more about the vaccinations and view individual facility stats").

hypertension as a condition that "possibly" increases a person's risk of severe illness from COVID-19.[6] Defendant's medical records reflect he has hypertension that is "controlled" and treated with medication and has a "systolic murmur," described as "mild and asymptomatic." (Doc. 152 at 1, 15-17, 20, 29, 40.) Another court in this district has found that "the likelihood of contracting the disease and experiencing severe illness . . . must be quite high, not just possible" for COVID-19 to justify release, before even evaluating the § 3553(a) factors. United States v. Dimkpa, No. 1:19-CR-443, 2020 WL 4754901, at *3 (M.D.N.C. Aug. 17, 2020). This court finds Defendant has not demonstrated his medical conditions are such an extraordinary and compelling circumstance.

Additionally, Defendant has already contracted COVID-19. (Doc. 159 at 1-2.) While not discounting the symptoms endured by Defendant, this court notes that his medical records indicate he had a relatively mild case, (See Doc. 159 at 1, 4 (noting that after positive COVID-19 test, Defendant presented with a sore throat and shortness of breath).) Another court in the Fourth Circuit has held that where a defendant seeks compassionate

---

[6] CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 2, 2022).

release based on the fact that the defendant contracted COVID-19 and suffered relatively minor symptoms, compassionate release is not justified. United States v. Hartley, Criminal Action No. 5:13-CR-00046-KDB-DSC-1, 2020 WL 4926146, at *3 (W.D.N.C. Aug. 21, 2020) ("Recovery from a positive COVID-19 diagnosis, particularly where the inmate suffered only minor symptoms, is not enough to show that extraordinary and compelling circumstances warrant Defendant's release."). So too here. At this stage of the pandemic, the CDC's data shows that over eighty million Americans have contracted COVID-19.[7] Therefore, Defendant's relatively mild case of COVID-19 is neither an extraordinary nor compelling circumstance.

Third, Defendant argues his post-incarceration rehabilitation and conduct warrant compassionate release. (Doc. 151 at 4.) Defendant asserts that he has completed a drug treatment class and been employed for over a year. (Id.; Doc. 162-1 at 3.) Defendant also has completed a variety of educational classes. (Doc. 162-1 at 3; Doc. 151 at 4.) Defendant has had no disciplinary infractions during his incarceration. (Doc. 151-4 at 4.) This court has considered Defendant's asserted efforts at rehabilitation but notes that they are not

---

[7] CDC, COVID Data Tracker, https://covid.cdc.gov/covid-data-tracker/#cases_totalcases (last updated May 26, 2022).

-8-

"so exceptional to warrant the extraordinary relief of compassionate release." United States v. Scott, No. 1:00-cr-00069-MR-5, 2021 WL 4978656, at *3 (W.D.N.C. Oct. 26, 2021); see also United States v. High, 997 F.3d 181, 190 (4th Cir. 2021) (noting a lack of a "mountain of new mitigating evidence" to justify a sentence reduction (quoting United States v. Martin, 916 F.3d 389, 396 (4th Cir. 2019))). While Defendant is commended for his many positive accomplishments while in custody, those accomplishments do not outweigh the seriousness of Defendant's offense or his criminal history as described infra Section II.C.

Fourth, Defendant claims "bad advice" he received from his attorney at sentencing warrants compassionate release. (Doc. 151 at 2-3.) Defendant asserts that on advice of counsel, he mistakenly waived his right to challenge his possession of a firearm, resulting in an enhancement during sentencing. (Id.) This claim, however, is improper in Defendant's present motion. "[S]uch an argument . . . is classically reserved for motions under 28 U.S.C § 2255. Such an argument is inappropriate in the context of 18 U.S.C. § 3582(c) . . . ." United States v. Gibson, Criminal No. 4:06cr146, 2021 WL 6495282, at *5 (E.D. Va. Dec. 15, 2021), aff'd, No. 22-6056, 2022 WL 910608 (4th Cir. Mar. 29, 2022) (denying motion to reconsider compassionate release order

where the defendant argued compassionate release was warranted due to ineffective assistance of counsel). "Even though 18 U.S.C. § 3582(c)(1)(A) provides courts a wide latitude in determining whether extraordinary and compelling reasons exist, the statute 'does not authorize relief for alleged errors at . . . sentencing' in the manner [Defendant] asserts them here." United States v. Springer, CRIMINAL ACTION NO. 5:17-cr-212, 2021 WL 3185901, at *2 (S.D.W. Va. July 26, 2021) (alteration in original) (quoting United States v. Ferguson, Criminal No. 3:04cr13-01, 2021 WL 1701918, at *4 (E.D. Va. Apr. 29, 2021)) (denying compassionate release when the defendant argued "errors were made at his sentencing regarding the two-level enhancement[] he received for possessing a firearm"). Defendant's claim regarding ineffective assistance of counsel resulting in a two-level enhancement at sentencing is therefore inappropriately raised in his motion.

Considering all the above arguments, this court finds Defendant does not have a "quite high" likelihood of contracting COVID-19 and "experiencing severe illness." Dimkpa, 2020 WL 4754901, at *3. Defendant asserts he suffers from two conditions, hypertension and a heart murmur. While the CDC recognizes such heart conditions as possibly increasing a person's chance of developing severe illness from COVID-19, the

Defendant's conditions are documented and managed. (Doc. 152 at 1, 15-17, 20, 29, 40.) Defendant has also already contracted COVID-19 and recovered. (Doc. 159 at 1-2.) While Defendant has maintained good conduct during incarceration and learned vocational skills (Doc. 162-2 at 3; Doc. 151 at 4), these factors do not rise to the level of extraordinary and compelling circumstances justifying compassionate release. Additionally, Defendant's claim regarding ineffective assistance of counsel was improperly raised in his motion and should be reserved for motions under 28 U.S.C § 2255. Thus, this court finds Defendant has not demonstrated extraordinary and compelling circumstances justifying compassionate release.

### C. Section 3553(a) Factors

Moreover, even if this court had found extraordinary and compelling circumstances justifying compassionate release, "[t]he existence of extraordinary and compelling reasons is not enough, by itself, to support a sentence reduction." United States v. Hamrick, No. 1:19-CR-91, 2020 WL 4548308, at *2 (M.D.N.C. Aug. 6, 2020). The court must also consider the factors laid out in 18 U.S.C. § 3553(a), which do not support compassionate release here. Section 3553(a) requires a court to impose a sentence that is "sufficient, but not greater than

-11-

Case 1:18-cr-00249-WO   Document 163   Filed 06/02/22   Page 11 of 14

necessary" to comply with the statutory purposes of sentencing. 18 U.S.C. § 3553(a). The court must consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentences and the sentencing range established for [the applicable offense category as set forth in the guidelines] –

. . . .

(5) any pertinent policy statement –

   (A) issued by the Sentencing Commission . . . ;

. . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

-12-

Case 1:18-cr-00249-WO   Document 163   Filed 06/02/22   Page 12 of 14

Id. These factors weigh against Defendant's release.

The offense for which Defendant was convicted involved serious conduct in an extensive drug operation. (Doc. 124 ¶¶ 43, 44.) Defendant's offense consisted of possession with intent to distribute cocaine 13 kilograms of cocaine, as well as heroin and crack. (Id. ¶ 43), Defendant's role in the operation was that of a "large-scale purchaser and distributor of cocaine . . . and . . . other narcotics." (Id. ¶ 44.) As to history and characteristics, Defendant has a long criminal history, with the first of his three other felony drug convictions occurring in 2008. (Id. ¶¶ 67, 69, 71.)

Since being incarcerated, Defendant has taken steps towards rehabilitation. During his incarceration, Defendant has completed a drug education class and enrolled in several courses. See supra Section II.B. This court does not discount these achievements.

However, releasing Defendant early would not be in accordance with § 3553(a), which requires that the court, in determining a sentence, consider and weigh, inter alia, the seriousness of the offense, the need to promote respect for the law, protection of the public, and both specific and general deterrence. These factors weigh decisively against early release of Defendant. In particular, the demonstrated pattern of

Defendant's drug-related activities and the seriousness of Defendant's underlying offense counsels against reducing Defendant's sentence, which is necessary to adequately deter future criminal conduct and protect the public.

## III. CONCLUSION

For the reasons stated herein, Defendant's motion for compassionate release, (Doc. 151), will be denied.

**IT IS THEREFORE ORDERED** that Defendant's motion for compassionate release, (Doc. 151), is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant's motion to expedite, (Doc. 153), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant's motion to supplement, (Doc. 162), is **GRANTED.**

This the 2nd day of June, 2022.

                                            /s/ William L. Osteen, Jr.
                                      United States District Judge